UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:07-CR-00140-BR
NO: 5:10-CV-00361-BR

| | | |
|---|---|---|
| CHARLES BERNARD ROBINSON | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 petition. Petitioner filed a response in opposition to the motion.

On 4 September 2007 and pursuant to a plea agreement, petitioner pled guilty to possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). By judgment entered 19 February 2008, the court sentenced petitioner to a 322-month term of imprisonment, among other things. Petitioner did not appeal. Therefore, his judgment of conviction became final ten days after judgment was entered, or on 4 March 2008. See Clay v. United States, 537 U.S. 522, 524-25 (2003) (conviction becomes final after time period to appeal or seek review has concluded); Fed. R. App. P. 4(b)(1)(A) (2007) (ten-day period to appeal criminal judgment); Fed. R. App. P. 26(a) (2007) (with time periods ten days or shorter, weekends and holidays do not count in the calculation).[1] The instant petition was filed on 7 September 2010. Based upon the record, and as discussed below, the court finds that the

---

[1] Since entry of the judgment here, the cited rules have been amended. The appeal period is now fourteen days, Fed. R. App. P. 4(b)(1)(A) (2009), and weekends and holidays are now included in the time period calculation, id. 26(a)(1)(B) (2009).

petition must be dismissed as untimely.

A one-year period of limitation applies to a motion filed under § 2255. 28 U.S.C. § 2255(f). That limitation period begins running from the latest of–

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

As noted above, petitioner's judgment became final on 4 March 2008. If the time period for filing any § 2255 petition runs from that date, then pursuant to § 2255(f)(1), petitioner's filing on 7 September 2010 was too late.

It appears petitioner contends that his petition is timely under § 2255(f)(3). Petitioner's application for relief is on the standard form appended to the Rules Governing Section 2255 Proceedings. Question 18 reads, "TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." Petitioner responded:

> The one year statute of limitations as contained in 28 U.S.C. §2255 does not bar my motion because of recent U.S. Supreme Court rulings in U.S. v. Watson, U.S. v. Simmons, and U.S. v. Williams (6/21/10). In all three cases the defendants raised the same issue of the validity of using prior North Carolina convictions to enhance defendants as carrer [sic] offenders that do not meet the federal definition of qualifying prior felony by not

> exceeding a term of imprisonment of one year. The sentences
> imposed in these cases were vacated in light of the U.S. Supreme
> Court ruling in Carachuri-Rosendo v. Holder which in effect
> overturns the controlling precedent ( Harp ) which the Fourth
> Circuit relies on for enhancing defendants as career offenders on
> the issue of qualifying predicate offenses.

(Pet. at 12.) The Court decided Carachuri-Rosendo v. Holder, 130 S. Ct. 2577, on 14 June 2010, and petitioner is correct that the Court vacated and remanded the three other cases to which he refers to the Fourth Circuit Court of Appeals on 21 June 2010 for further consideration in light of Carachuri-Rosendo– Simmons v. United States, No. 09-676; Watson v. United States, No. 09-8003; Williams v. United States, No. 09-9351.

Petitioner obviously filed his § 2555 petition within one year of these dates. However, petitioner's reliance on Carachuri-Rosendo, both for the timeliness of and the merits of his petition, is misplaced. The Fourth Circuit Court of Appeals recently rejected the same argument petitioner makes here, which is that Carachuri-Rosendo makes the court's analysis in United States v. Harp, 406 F.3d 242 (4th Cir. 2005), no longer viable. See United States v. Simmons, No. 08-4475 (4th Cir. Feb. 16, 2011). The court remains bound by Harp.

The government's motion is ALLOWED, and the petition is DISMISSED.

The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing

Section 2255 Proceedings, a certificate of appealability is DENIED.

This the 18 February 2011.

_____
W. Earl Britt
Senior U.S. District Judge